UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMES CLARK MCKENZIE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CV-334-TAV-DCP |
| | ) | |
| CHARITA CHANDLER, | ) | |
| CITY OF KNOXVILLE, and | ) | |
| KNOXVILLE POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On September 20, 2019, the Court entered an order denying Plaintiff's motion to proceed *in forma pauperis* in this action and requiring him to submit the $400.00 filing fee within twenty-one (21) days of the order's entry [Doc. 7]. The order warned Plaintiff that if he failed to timely comply with the order, the Court would dismiss this action [*Id.* at 1]. More than twenty-one (21) days have passed, and Plaintiff has not complied with the order or otherwise communicated with the Court.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).

The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll*, 176 F.3d at 363); *see also Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the order and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff is a prisoner who has not pursued this case since requesting to proceed *in forma pauperis* in this action on August 26, 2019 [*see* Doc. 4].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE